

Opinions of the United
States Court of Appeals
for the Third Circuit

2008 Decisions

5-27-2008

# In Re: Knight

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1821

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Knight " (2008). *2008 Decisions.* Paper 1135.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1135

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

HLD-103                                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1821
_____

IN RE: WADE KNIGHT,

                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 00-cr-00038-1)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 30, 2008

Before:  SCIRICA, Chief Judge, ALDISERT and GARTH, Circuit Judges.

(Filed: May 27, 2008)

_____

OPINION OF THE COURT

_____

PER CURIAM.

        Wade Knight, a prisoner at the United States Penitentiary in Atwater, California,

has filed in this Court a pro se petition for a writ of mandamus to the United States

District Court for the Eastern District of Pennsylvania.  For the following reasons, we will

deny the petition.

In 2000, Knight was convicted of conspiracy to interfere with interstate commerce by robbery and interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951. He was convicted for his participation in the robberies of Whitehall Jewelers in Springfield, Pennsylvania, on October 7, 1999, and Gold Valley Jewelry Store ("Gold Valley") in Woodlawn, Maryland, on October 28, 1999. At sentencing, the District Court found the fair market value of the loss suffered by Whitehall Jewelers to be $82,000, which added two points to Knight's base offense level, and the value of the loss suffered by Gold Valley to be between $250,000 and $800,000, which added three points. As his total offense level was 31 with a criminal history category of 6, the Sentencing Guidelines yielded a sentence of 188 to 235 months in prison. The District Court sentenced him to 235 months in prison, followed by three years of supervised release. The District Court also ordered him to make restitution to Whitehall Jewelers in the amount of $82,000 and to Gold Valley in the amount of $485,605.

On August 30, 2006, the District Court issued an order acknowledging a clerical error in the original judgment regarding the amount of restitution owed to Gold Valley. After consideration of the filings submitted by the parties, and with their agreement, the District Court corrected the judgment to state that the restitution due to Gold Valley is $129,000 and not $485,605. Knight appealed from that order, and we dismissed the appeal because Knight was not aggrieved by the order. See United States v. Knight, No.

2

06-4115 (3d Cir. Jun. 26, 2007) (order dismissing appeal).[1]  Although the argument

presented in the mandamus petition is difficult to follow, it appears that Knight is

claiming that he is entitled to a shorter sentence under the Sentencing Guidelines because

the District Court's original judgment misstated the amount of restitution owed to Gold

Valley.  Because of the District Court's recent acknowledgment that he owes less than

$250,000 in restitution to Gold Valley, Knight believes that his total offense level should

be reduced by one point.  He also indicates in the petition that he is challenging the

jurisdiction of the District Court to issue its August 30, 2006 order correcting the

judgment of sentence.

A writ of mandamus is a drastic remedy that is available only in extraordinary

situations.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  In

order to obtain a writ of mandamus, a petitioner must show that his right to issuance of

the writ is clear and indisputable and that there are no alternate means of obtaining the

desired relief.  See In re Pressman-Gutman Co., Inc., 459 F.3d 383, 398-99 (3d Cir.

2006).  "[M]andamus is not a substitute for appeal and a writ of mandamus will not be

granted if relief can be obtained by way of our appellate jurisdiction."  In re Chambers

Dev. Co., Inc., 148 F.3d 214, 226 (3d Cir. 1998).  Knight has not satisfied the standard

for obtaining mandamus relief.  First, he has not demonstrated that he has a clear and

---

[1] After our decision in C.A. No. 06-4115, Knight challenged his sentence in two
motions pursuant to FED. R. CIV. P. 60(b).

3

indisputable right to a writ of mandamus ordering a reduced sentence. As we recently acknowledged in our order denying his request for authorization to file a second or successive motion to vacate his sentence, In re Knight, C.A. No. 07-3509 (3d Cir. Oct. 15, 2007), the District Court's stated intention in correcting the judgment was limited to the restitution issue. There is no indication from the corrected judgment that the District Court intended to reduce the amount of loss for sentencing purposes. Even if Knight could demonstrate a clear and indisputable right to the desired relief, his petition must be denied because it appears that he is using mandamus as a substitute for appellate review of the District Court's sentencing rulings.

Based on the foregoing, we conclude that Knight has not demonstrated that a writ of mandamus is warranted. Accordingly, we will deny his petition.